UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOSEPH PARSON,** : | |
| : | |
| : | CIVIL ACTION NO. 3:10cv1133(VLB) |
| : | |
| v.  : | NOVEMBER 22, 2011 |
| : | |
| **UNITED STATES OF AMERICA** : | |
| : | |

**MEMORANDUM OF DECISION DENYING PETITIONER'S [Dkt. #1] MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Joseph Parsons (hereinafter "Petitioner"), proceeding *pro se*, filed a motion, pursuant to 28 U.S.C. § 2255, to vacate and set aside his criminal conviction for bank robbery with a dangerous weapon in violation of 18 U.S.C. §§ 2113 (a) and (d) based on ineffective assistance of counsel. Respondent, the United States of America ("United States") opposes the Petitioner's motion and contends that this court should dismiss the motion as Petitioner's claim is time barred. For the reasons that follow, Petitioner's motion is DENIED.

**Background and Facts**

On March 25, 2009, the Petitioner pled guilty, pursuant to a written Plea Agreement, to a single count of armed bank robbery in the indictment in *United States v. Joseph Parsons*, 3:08-CR-00247-VLB. This Court sentenced the Petitioner on June 10, 2009 to 223 months of imprisonment and 5 years of supervised release with the United States Probation Office. In addition, the Petitioner was sentenced to an additional 12-month term of imprisonment, to be served consecutively, for violating the conditions of his supervised release

1

related to a prior federal conviction. At the time of sentencing, Mr. Parson, was advised of the appeal deadline.

The Petitioner filed a notice of appeal on September 17, 2009 and it was docketed on September 24, 2009. The government moved to dismiss the Petitioner's appeal as untimely on October 5, 2009. The Court of Appeals granted the government's motion and dismissed the Petitioner's direct appeal as untimely pursuant to Federal Rules of Appellate Procedure Rule 4(b)(1) on January 25, 2010 and issued a mandate on February 23, 2010. *United States v. Joseph Parsons*, 09-4013-CR (2d Cir. 2010). On July 15, 2010, Petitioner filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

### Discussion

Habeas review is an extraordinary remedy that cannot substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). The Petitioner argues that he pled guilty as a result of his attorney's provision of erroneous legal advice and that he wouldn't have so pled if he had received effective assistance of counsel. Specifically, Petitioner believes that an element to the offense for which he plead guilty cannot be satisfied as a matter of law because the Federal Deposit Insurance Corporation ("FDIC") does not insure against losses related to bank robbery. The United States argues that Petitioner's claim is time-barred by the one year statute of limitations period found in the Antiterrorism and Effective

2

Death Penalty act of 1996 ("AEDPA"). In the alternative, the United States argues that Petitioner's claim for ineffective assistance of counsel is unfounded.

### i. Analysis of whether Petitioner's claim is time-barred

The AEDPA imposes a 1-year limitations period for motions filed pursuant to 28 U.S.C. 2255, which begins to run from the latest of the following four events:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making motion created by governmental action in violation of the Constitutional or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been covered through exercise of due diligence.

28 U.S.C. § 2255. From the facts asserted, it appears that only subsection (1) would apply to the instant motion. Petitioner has not asserted any facts which would support the application of any other subsection to his claim. Accordingly, the Court finds that for purposes of 28 U.S.C. § 2255 Petitioner's 1-year limitations period began on the date the judgment became final.

3

The Second Circuit has held that a conviction is deemed final when the time for filing a notice of appeal expires. *Moshier v. United Sates*, 402 F.3d 116, 118 (2d. Cir. 2005) (finding that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). When the Petitioner was sentenced in 2009, the Federal Rules of Appellate Procedure provided that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the entry of the judgment" excluding weekends and holidays. F.R. App. P. 4(b), 26(a) (2). This Court entered the Petitioner's judgment of conviction on June 10, 2009, and in accordance with Rules 4(b) and 26(a) (2), the time for filing a direct appeal ended on June 24, 2009. Therefore, Petitioner's judgment became final on June 24, 2009 and the 28 U.S.C. § 2255 limitations period expired 1-year later on June 24, 2010. Petitioner's instant motion filed on July 15, 2010 is consequently time barred. 28 U.S.C. § 2255.

Petitioner, relying on *Clay v. United States*, 537 U.S. 522 (2003), argues that that his conviction did not become final until the 90-day period for seeking certiorari from the Court of Appeals decision had lapsed. In *Clay* the Supreme Court held that for purposes of starting the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Id.* at 522-23. Implicit in *Clay* is that the petitioner had filed an appeal. Parson reasons that since he eventually filed an appeal on July 15, 2010, albeit an untimely one, that the rule in *Clay* should apply. However, *Clay* is not applicable

4

because Petitioner's judgment became final at the time the filing period for an appeal expired and therefore Petitioner's judgment was final before he filed his appeal to the Second Circuit and before the Court of Appeals reviewed said appeal.[1] Therefore, *Moshier* controls and finality attached to Petitioner's judgment when the period for filing a direct appeal expired on June 24, 2009. Plaintiff's claim is therefore time-barred as it was filed after the one-year limitations period ended on June 24, 2010.[2]

### ii. Analysis of Ineffective Assistance of Counsel

Even if his claim were not barred by the applicable statute of limitations, Petitioner's motion would be denied as Petitioner has failed to demonstrate ineffective assistance of counsel. Claims for ineffective assistance of counsel are analyzed under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant must establish (1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that his counsel's unprofessional errors actually prejudiced the defense. *Id.* at 687-88. In determining whether counsel's performance was objectively reasonable, this

---

[1] Petitioner was never given leave to file an untimely appeal to the Court of Appeals and the Court of Appeals' review of Petitioner's untimely appeal did not restore "pendency" to Petitioner's direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). Petitioner also waived his rights to direct and collateral review as part of his Plea Agreement. Even if Petitioner's motion were not time barred, Petitioner's voluntary waiver of appeal bars the instant motion.

[2] Although the Court of Appeals' mandate that dismissed Petitioner's untimely appeal was not issued until February 23, 2010, Petitioner had enough time (four months) to file a timely appeal through the exercise of due diligence as the one-year limitations period ended on June 24, 2010. Moreover, the Court of Appeals' dismissal of Petitioner's appeal on the basis that his appeal was time barred should have put Petitioner on notice regarding the consequences of missing filing deadlines during post-conviction review.

5

Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Where a claim of ineffective assistance of counsel is used to challenge a guilty plea, the Supreme Court has held that *Strickland* requires that the Petitioner show that: (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). The Supreme Court has instructed that the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.*; *see also United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996). As such, the Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was not "within the range of competence demanded of attorneys in criminal cases." *Hill* 474 U.S. at 56. If "the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged," the second "prejudice" prong is satisfied when it is established that "the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59.

Petitioner argues that he was denied effective assistance of counsel because his former counsel rendered erroneous legal advise, which led him to plead guilty to the charge of armed bank robbery in violation of § 2113 (a) and (d). Specifically, Petitioner alleges that his former counsel's erred in advising him to

6

plead guilty because "one of the essential elements of § 2113 would require the government to prove that…the bank robbery offense…has in fact affected FDIC insurance, a requirement the government could not fulfill [.]"  [Dkt. #1, Mem. In Support of Petitioner's 28 U.S.C. § 2255 Petition].  In other words, Petitioner contends that FDIC insurance must specifically insure a bank against bank robbery in order to satisfy an element of the offense.  Petitioner believes that if his former counsel had advised him that FDIC insurance did not insure against bank robbery, he would have insisted on going to trial.

Petitioner's belief that an element of the offense of armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d) includes that FDIC insure a bank against robbery is itself mistaken.  The relevant parts of Section 2113(a) provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, *any bank, credit union, or any savings and loan association*…Shall be fined under this title or imprisoned not more than twenty years, or both."  18 U.S.C. § 2113 (emphasis added). Section 2113(f) defines bank as "any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank…, *and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation*." *Id.* (emphasis added).  The text of the statute refers solely to the requirement that

7

the FDIC insure the deposits of the institution and does not require that the FDIC specifically insure against the risk of bank robbery.

It is well settled that a bank not need to be insured by the FDIC against monetary losses resulting from robberies in order to "satisfy the definitional provision of the bank robbery statute." *Lord v. United States*, 746 F.2d 942 (2d Cir. 1984); *Roberts v. United States*, 472 F.2d 1195, 1196 (5th Cir. 1973) ("The statute is applicable to any bank insured by the F.D.I.C. and does not specify that it be insured against burglary."); *Burke v. United States*, 90 CIV. 7502 (JFK), 1992 WL 42253, at *1 (S.D.N.Y. Feb. 21, 1992) (finding that "the statute does not require that federally insured banks be specifically insured against bank robberies"). This conclusion is consistent with Congress's broader purpose in enacting Section 2113, which was to safeguard the financial stability of "institutions in which the federal government has an interest." *United States v. Marrale*, 695 F.2d 658, 664 (2d Cir. 1982). Accordingly, since the federal government has an interest in not only safeguarding the assets of the banks in which it has insured deposits but also in ensuring the stability of the banking system as a whole, the federal government has an interest in criminalizing bank robbery regardless of whether the federal government has specifically insured banks against losses caused by bank robbery.

This Court finds that Petitioner's former counsel did not err by not advising Petitioner that FDIC insurance does not insure against bank robbery and therefore his counsel's performance did not fall below an objective standard of reasonableness. In fact, it would have been entirely unreasonable for Petitioner's

8

former counsel to advise him to defend against the charge of bank robbery by asserting that the statute was not violated because FDIC insurance does not insure against bank robbery. Moreover, Petitioner was not prejudiced because this defense would not have succeeded at trial as a matter of law. As such, this Court concludes that Petitioner did not receive ineffective assistance of counsel.

## Conclusion

Based upon the above reasoning, Petitioner's [Doc. #1] motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is directed to close this file.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: November 22, 2011